Duane H. Mathiowetz (SBN 111831)
mathiowetzd@howrey.com
Irene Yang (SBN 245464)
yangi@howrey.com
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Attorneys for Defendant
FRESNO VALVES & CASTINGS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B-K LIGHTING, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>VISION3 LIGHTING, a business entity of unknown form and FRESNO VALVES & CASTINGS, INC., a California corporation,<br><br>　　　　Defendant. | Case No. CV06-2825 MMM (PLAx)<br><br>**STATEMENT OF GENUINE ISSUES IN SUPPORT OF FRESNO VALVES & CASTINGS, INC.'S OPPOSITION TO B-K LIGHTING, INC.'S PARTIAL MOTION FOR SUMMARY JUDGMENT AS TO THE VALIDITY AND ENFORCEABILITY OF B-K LIGHTING, INC.'S PATENT**<br><br>Date: April 28, 2008<br>Time: 10:00 a.m.<br>Place: Court Room 780<br>Judge: Hon. Margaret M. Morrow |

Pursuant to Central District of California Local Rule 56-2, Defendant Fresno Valves & Castings, Inc. ("FVC") submits this Statement of Genuine Issues in Opposition to Plaintiff B-K Lighting, Inc.'s ("B-K") Motion for Partial Summary Judgment as to the Validity and Enforceability of B-K Lighting, Inc.'s Patent. Facts 1 through 34 below correspond to the facts and supporting evidence presented in B-K's Statement of Uncontroverted Facts. These facts are followed by additional material facts and supporting evidence showing a genuine issue.

HOWREY LLP

STATEMENT OF GENUINE ISSUES IN SUPPORT OF FVC'S
OPP TO MSJ AS TO VALIDITY & ENFORCEABILITY
CASE NO. CV06-2825 MMM (PLAx)

1

DM_US:21122688_2

| **B-K's Alleged Uncontroverted Facts** | **FVC's Response** |
|---|---|
| 1. Fresno Valves asserts anticipation of U.S. Patent No. RE39,084 (the '084 patent) only with respect to claims 3, 23, 26 and 27, and only based on US Patent No. 4,143,413 to Kelly ("Kelly"). (Exh. 20-4 to 20-8.) | 1. Disputed. FVC does not assert anticipation of claim 3 of the '084 patent by Kelly. |
| 2. Fresno Valves asserted that claim 3 was obvious (not anticipated) and claims 23, 26 and 27 were anticipated by Kelly in a protest filed with the USPTO during prosecution of the '084 patent. (Exh. 22-4.) | 2. Undisputed, to the extent that FVC asserted that claims 23, 26, and 27 were anticipated by Kelly and claim 3 was obvious. |
| 3. The USPTO allowed claims 3, 23, 26 and 27 over Kelly. (Exh. 24-7 to 24-8 (PTO Office Action), Exh. 26-3 (Notice of Allowability).) | 3. Disputed. It is unclear which claims 26 and 27 B-K refers to. Claim 27 does not appear in Foss Decl., Exh. 24-7 to 24-8. Claims 26 and 27 do not appear in Foss Decl., Exh. 26-3. Claims 3 and 23 were allowed after amendment, following FVC's protest. **Evidence:** Foss Decl., Exh. 24-7 to 24-8; Exh. 26-3; Yang Decl. Exh. 11 (showing claims 3, 23 allowed after amendment after Protest). |
| 4. Kelly does not disclose a first resistance means where said first resistance means comprises a tapered | 4. Disputed. Kelly discloses a first resistance means. **Evidence:** Yang Decl., Exh. 1 (Figures 3-5; 4:20-49); Dornfeld |

HOWREY LLP

STATEMENT OF GENUINE ISSUES IN SUPPORT OF FVC'S
OPP TO MSJ AS TO VALIDITY & ENFORCEABILITY
CASE NO. CV06-2825 MMM (PLAx)

2

DM_US:21122688_2

| B-K's Alleged Uncontroverted Facts | FVC's Response |
|---|---|
| opening in said support member and a tapered post in said base member, said tapered opening sized and configured to receive said tapered post and allow frictional pivoting of said tapered post therein as claimed in claim 3. (Exh. 22-5 to 22-6 (Protest); Exh. 23-5 (Response); Exh. 24-7 to 24-8 (PTO Office Action); Exh. 26-3 (Notice of Allowability); Exh. 5 (Kelly) Col. 4:20-27, Col. 4:35-49 (no resistance to pivoting when locking bolt is loosened).) | Decl. ¶7. |
| 5. Kelly does not disclose a stud member with a lower end configured to connect to a source of electrical power as claimed in claims 3, 23 and 26 and incorporated in dependent claim 27. (Exh. 5, Fig. 1 and 4.) | 5. Disputed. Kelly discloses a stud member with a lower end configured to connect to a source of electrical power. **Evidence:** Yang Decl., Exh. 1 (1:28-32, 31-32; 2:49-50; 5:3-5); Dornfeld Decl. ¶4. |
| 6. Kelly does not disclose a stud member with an upper end allowing frictional rotation relative to the base member as claimed in claims 3, 23 and 26 and incorporated in dependent claim 27. (Exh. 5 (Kelly) Col. 5:27-34, Col. 5:41-46, Col. 4:32-35; Dkt. No. 114 (Claim Construction Order) p. 67 (construction | 6. Disputed. Kelly discloses a stud member with an upper end allowing frictional rotation relative to the base member. **Evidence:** Yang Decl., Exh. 1 (2:60-65; 3:3-4; 5:27-34, 41-44; 5:27-34); Dornfeld Decl. ¶5. |

HOWREY LLP

STATEMENT OF GENUINE ISSUES IN SUPPORT OF FVC'S
OPP TO MSJ AS TO VALIDITY & ENFORCEABILITY
CASE NO. CV06-2825 MMM (PLAx)

3

DM_US:21122688_2

| B-K's Alleged Uncontroverted Facts | FVC's Response |
|---|---|
| of "rotationally interacting therewith").) | |
| 7. Kelly does not disclose a second seal between said stud member and base member to prevent entry of moisture and contaminants as claimed in claim 23. ('084 patent (Exh. 1) Col. 14:42-43; Exh. 5 Col. 5:31-37.) | 7. Disputed. Kelly discloses a second seal between said stud member and base member to prevent entry of moisture and contaminants. **Evidence:** Yang Decl., Exh. 1 (1:28-40; 2:60-65; 5:31-37); Dornfeld Decl. ¶6. |
| 8. Fresno Valves asserts that claim 3, 12, 18, 19 and 21 are indefinite based on "issues with 'tapered opening' and 'tapered post' elements." (Exh. 20 p. 8 and Appendix A, pp. 4, 25, 45, 55, 57 and 66.) | 8. Disputed. Moot. FVC does not assert that claims 3, 12, 18, 19 and 21 are indefinite based on issues with "tapered opening" and "tapered post." |
| 9. The Court found that the terms "tapered opening" and "tapered post" are commonly understood words and do not require construction; therefore, the claims are not indefinite with respect to these elements. (Dkt No. 114 p. 31.) | 9. Disputed. Moot in light of FVC's response to B-K's alleged uncontroverted fact 8. |
| 10. Fresno Valves asserts that claims 5 and 24 are indefinite because the claim terms "second resistance means" (claim 5) and "third seal" (claim 24) lack an antecedent basis. (Exh. 20, Appendix A, pp. 11 and 87.) | 10. Undisputed, except that FVC asserts that claims 5 and 24 are indefinite because the claim terms "second resistance means" in claim 5 and "third seal" in claim 24 each lack proper antecedent basis. |
| 11. The claim terms "second resistance | 11. Disputed. The claim term "second |

HOWREY LLP

STATEMENT OF GENUINE ISSUES IN SUPPORT OF FVC'S
OPP TO MSJ AS TO VALIDITY & ENFORCEABILITY
CASE NO. CV06-2825 MMM (PLAx)

4

DM_US:21122688_2

| **B-K's Alleged Uncontroverted Facts** | **FVC's Response** |
|---|---|
| means" (claim 5) and "third seal" (claim 24) do not lack an antecedent basis as used in those claims in that they do not refer to an earlier instance of that same element that is not present in the claim. | resistance means" (claim 5) lacks antecedent basis because claim 5 does not otherwise refer to a "resistance means" or a "first resistance means." The claim term "third seal" (claim 24) lacks antecedent basis because claim 24 does not refer to a "second seal," although it refers to a "first seal." **Evidence:** Yang Decl., Exh. 6 (Webster's Ninth New Collegiate Dictionary at 466, 1060, 1226) |
| 12. The meaning of the second resistance means is clear from the means-plus-function language in the claim itself and the description in the specification. ('084 patent (Exh. 1) Col. 7:33-42 and Col. 4:44-63, respectively.) | 12. Disputed, to the extent that B-K's alleged uncontroverted fact 12 refers to the meaning of "second resistance means" as it appears in claim 5. The claim term "second resistance means" (claim 5) lacks antecedent basis because claim 5 does not otherwise refer to a "resistance means" or a "first resistance means." **Evidence:** Yang Decl., Exh. 6 (Webster's Ninth New Collegiate Dictionary at 466, 1060). |
| 13. The third seal is clearly described in claim 24 and further clearly described in the specification. (Id. at Col. 15:3-7 and Col. 4:44-63, respectively.) | 13. Disputed. The claim term "third seal" as it appears in claim 24 lacks antecedent basis because claim 24 does not refer to a "second seal," although it refers to a "first seal." **Evidence:** Yang Decl., Exh. 6 (Webster's Ninth New Collegiate |

HOWREY LLP

STATEMENT OF GENUINE ISSUES IN SUPPORT OF FVC'S
OPP TO MSJ AS TO VALIDITY & ENFORCEABILITY
CASE NO. CV06-2825 MMM (PLAx)

5

DM_US:21122688_2

| **B-K's Alleged Uncontroverted Facts** | **FVC's Response** |
|---|---|
| | Dictionary at 466, 1060, 1226). |
| 14. The Court was able to construe "second resistance means" and construed "third sealing means" (which corresponds to the "third seal") as "a <u>seal</u> for sealing the connection between said base member and said stud member and equivalents thereof". (Dkt. No. 114 pp. 51-58, p. 66.) | 14. Disputed. The term "third sealing means" does not correspond to the "third seal." The Court construed "third sealing means" as "a seal for sealing the connection between said base member and said stud member and equivalents thereof." The Court did not construe "second resistance means" as claimed in claim 5 separately from "second resistance means" as claimed in any other claim due to lack of antecedent basis in claim 5. **Evidence:** Yang Decl., Exh. 15 ('084 patent at 8:15-17; 15:4-7); Docket No. 114 at 68:4-5; 66:14-18; 51:18-58:28. |
| 15. Fresno Valves alleges that the description of the tapered opening/tapered post elements, as set forth in claims 3, 12, 18, 19 and 21 in the '084 Patent, renders those claims invalid for failure to comply with the enablement requirement of 35 U.S.C. § 112(1). (Exh. 20 p. 8 and Appendix A, pp. 4, 25, 45, 55, 57 and 66.) | 15. Undisputed. |
| 16. Fresno Valves has produced no evidence or identified any witness or | 16. Disputed. Deposition testimony from Patrick Case, Gary Gillespie, and/or David |

HOWREY LLP

STATEMENT OF GENUINE ISSUES IN SUPPORT OF FVC'S
OPP TO MSJ AS TO VALIDITY & ENFORCEABILITY
CASE NO. CV06-2825 MMM (PLAx)

6

DM_US:21122688_2

| **B-K's Alleged Uncontroverted Facts** | **FVC's Response** |
|---|---|
| deposition testimony that would support a finding of non-enablement, or that undue experimentation was required to practice the tapered opening/tapered post element of the claimed invention. (Exh. 15, fourth supplemental response to Interrogatory No. 3; *see also* Exhs. 11 to 13, response and supplemental responses to Interrogatory No. 3.) | Counts supports a finding of non-enablement. Deposition testimony from Mr. Case, Mr. Gillespie, and/or Mr. Counts supports a finding that undue experimentation would be required to practice the claimed invention. **Evidence:** Yang Decl., Exh. 2 (Case Tr. at 31:12-19; 32:10-23; 33:5-14; 35:6-10); Exh. 3 (Counts Tr. at 24:2-11; 26:4-22); Exh. 4 (Gillespie Tr. at 28:3-30:18). |
| 17. One of engineers who helped to commercialize the invention testified that the angle of the taper was chosen "arbitrarily at the beginning, and never deviated." (Exh. 9, pp. 31:25-32:6.) | 17. Disputed. B-K's alleged uncontroverted fact 17 assumes facts not in evidence. There is no evidence that suggests the invention was conceived and reduced to practice apart from its commercialization. Gary Gillespie testified at his deposition that finding the right angle was trial and error. **Evidence:** Yang Decl., Exh. 4 (Gillespie Tr. at 28:3-30:18). |
| 18. Fresno Valve's Engineering Manager, Monte Matts was able to render a three-dimensional CAD "renderings" or the "tapered opening" and the "tapered post" elements based on the '084 patent. (Dkt. No. 95-1, 95-2.) | 18. Disputed. Irrelevant. Monte Matts used the figures of the '084 patent, his knowledge from working at B-K, and public samples of B-K products to create illustrations of the '084 patent. Mr. Matts did not make or use the claimed invention |

HOWREY LLP

STATEMENT OF GENUINE ISSUES IN SUPPORT OF FVC'S
OPP TO MSJ AS TO VALIDITY & ENFORCEABILITY
CASE NO. CV06-2825 MMM (PLAx)

7

DM_US:21122688_2

| B-K's Alleged Uncontroverted Facts | FVC's Response |
|---|---|
| | of the '084 patent. **Evidence:** Declaration of Monte Matts In Support of FVC's Motion for Summary Judgment of No Infringement (Docket No. 137), ¶ 18 and Exhs. G-L. |
| 19. The Court also found that the terms "tapered opening" and "tapered post" were "commonly understood words." (Dkt. No. 114 p. 32.) | 19. Disputed. The Court's Order speaks for itself. The phrase "commonly understood words" does not appear on page 32. **Evidence:** Docket No. 114 at 32. |
| 20. Fresno Valves alleges that the description of the tapered opening/tapered post elements, as set forth in claims 3, 12, 18, 19 and 21 in the '084 Patent, renders those claims invalid for failure to comply with the written description requirement of 35 U.S.C. § 112(1). (Exh. 20, Appendix A, pp. 4, 25, 45, 55, 57 and 66.) | 20. Disputed. Moot. FVC does not assert that claims 3, 12, 18, 19 and 21 are invalid for failure to comply with the written description requirement based on issues with "tapered opening" and "tapered post." |
| 21. The same words and function of the tapered post and tapered opening elements described in the written description are used in the claims. ('084 patent (Exh. 1), compare Col. 3:53-4:4 with Col. 6:61-67 (claim 3).) | 21. Disputed. Moot in light of FVC's response to B-K's alleged uncontroverted fact 20. |
| 22. The angle required to achieve the function of the tapered post and tapered | 22. Disputed. Gary Gillespie testified otherwise at his deposition. **Evidence:** |

HOWREY LLP

STATEMENT OF GENUINE ISSUES IN SUPPORT OF FVC'S
OPP TO MSJ AS TO VALIDITY & ENFORCEABILITY
CASE NO. CV06-2825 MMM (PLAx)

8

DM_US:21122688_2

| **B-K's Alleged Uncontroverted Facts** | **FVC's Response** |
|---|---|
| opening during product development was chosen arbitrarily at the outset and never deviated. (Exh. 9 pp. 31:25-32:6.) | Yang Decl., Exh. 4 (Gillespie Tr. at 28:3-30:18). |
| 23. Fresno Valves has absolutely no evidence that one skilled in the art could not "visualize or recognize" the "tapered opening" and/or "tapered post" elements. (Exh. 15, fourth supplemental response to Interrogatory No. 3; see also Exhs. 11 to 13, response and supplemental responses to Interrogatory No. 3.) | 23. Disputed. Unintelligible. Exhs. 11, 12, 13, and 15 do not state that one skilled in the art could not "visualize or recognize" the "tapered opening" and/or "tapered post" elements. **Evidence:** Foss Decl., Exhs. 11-13; 15. |
| 24. The Court was able to recognize and describe terms "tapered opening" and/or "tapered post" in its Claim Construction Order. (*See* Dkt No. 114 pp. 27-32.) | 24. Disputed. B-K cannot speak for the Court, nor can FVC. |
| 25. Monte Matts was able to understand and illustrate the "tapered opening" and/or "tapered post" in his declaration in support of Fresno Valves' claim construction. (Dkt No. 95-1, 95-2.) | 25. Disputed. B-K cannot speak for Mr. Matts. Undisputed only to the extent that Mr. Matts illustrated the "tapered opening" and "tapered post" based on the '084 patent figures, his knowledge, and B-K's publicly available products. **Evidence:** Declaration of Monte Matts In Support of FVC's Motion for Summary Judgment of No Infringement (Docket No. 137), ¶ 18 and Exhs. G-L; Docket No. 95-1, 95-2. |

HOWREY LLP

STATEMENT OF GENUINE ISSUES IN SUPPORT OF FVC'S
OPP TO MSJ AS TO VALIDITY & ENFORCEABILITY
CASE NO. CV06-2825 MMM (PLAx)

9

DM_US:21122688_2

| **B-K's Alleged Uncontroverted Facts** | **FVC's Response** |
|---|---|
| 26. Fresno Valves alleges that the description of the tapered opening/tapered post elements, as set forth in claims 3, 12, 18, 19 and 21 in the '084 Patent, renders those claims invalid for failure to comply with the best mode requirement of 35 U.S.C. § 112(1). (Exh. 20, Appendix A, pp. 4, 25, 45, 55, 57 and 66.) | 26. Undisputed. |
| 27. Fresno Valves has no evidence to support its claim that Mr. Hagen knew that a particular taper angle was the best mode of practicing his invention as of the original application date, May 27, 1998. (Exh. 6 (original provisional application); Exh. 15, fourth supplemental response to Interrogatory No. 3; see also Exhs. 11 to 13, response and supplemental responses to Interrogatory No. 3.) | 27. Disputed. Deposition testimony from Mr. Case, Mr. Gillespie, and Mr. Counts supports a finding that the '084 patent is invalid for failure to disclose a known best mode. **Evidence:** Yang Decl., Exh. 2 (Case Tr. at 31:12-19; 32:10-23; 33:5-14; 35:6-10); Exh. 3 (Counts Tr. at 24:2-11; 26:4-22); Exh. 4 (Gillespie Tr. at 28:3-30:18). |
| 28. At the time of the original patent application, inventor Hagen had not decided on a particular angle of taper. (Exh. 8 (Hagen Depo.) pp. 67:22-68:14 and 72:23-73:9; *see also* Exh. 10, (Gillespie Depo.) pp. 29-31 and 45-47.) | 28. Undisputed, only to the extent that purported inventor Mr. Hagen had not decided on a particular angle of taper because he knew nothing about it. However, other B-K engineers knew of and had decided on a particular angle of taper. **Evidence:** Yang Decl., Exh. 2 |

HOWREY LLP

STATEMENT OF GENUINE ISSUES IN SUPPORT OF FVC'S
OPP TO MSJ AS TO VALIDITY & ENFORCEABILITY
CASE NO. CV06-2825 MMM (PLAx)

10

DM_US:21122688_2

| **B-K's Alleged Uncontroverted Facts** | **FVC's Response** |
|---|---|
| | (Case Tr. at 31:12-19; 32:10-23; 33:5-14; 35:6-10); Exh. 3 (Counts Tr. at 24:2-11; 26:4-22); Exh. 4 (Gillespie Tr. at 28:3-30:18); Exh. 5 (Hagen Tr. at 67:16-68:14; 73:7-9). |
| 29. During product development, the angle of the taper was chosen arbitrarily at the beginning and never deviated. (Exh. 9, (Case Depo. pp. 31:25-32:6.) | 29. Disputed. Gary Gillespie testified otherwise at his deposition. **Evidence:** Yang Decl., Exh. 4 (Gillespie Tr. at 28:3-30:18). |
| 30. Douglas W. Hagen is the sole named inventor on United States Patent Nos. 6,161,948 and Re. 39,084. (Exh. 1.) | 30. Disputed. Mr. Hagen is incorrectly named as the sole named inventor on the '084 patent. U.S. Patent No. 6,161,948 was surrendered to the PTO during reissue prosecution and is no longer a valid U.S. patent. **Evidence:** Yang Decl., Exh. 20 (showing surrender of '948); Exh. 4 (Gillespie Tr. at 26:15-24; 27:7-17; 28:10-29:4; 29:10-19; 30:19-31:4; 32:5-10; 33:14-34:7; 34:9-35:18; 35:25-36:37; 38:2-7; 41:2-23; 44:5-25; 48:2-16; 49:20-50:12; 51:23-54:1; 57:12-66:5); Exh. 5 (Hagen Tr. at 67:8-15; 68:4-14; 76:23-77:19); Exh. 5 (Exhibits 7-8 to Gillespie Transcript); Exh. 4 (Case Tr. at 20:25-21:10); Exh. 2 (Exhibits 11, 12 to Case Transcript). |

HOWREY LLP

STATEMENT OF GENUINE ISSUES IN SUPPORT OF FVC'S
OPP TO MSJ AS TO VALIDITY & ENFORCEABILITY
CASE NO. CV06-2825 MMM (PLAx)

11

DM_US:21122688_2

| **B-K's Alleged Uncontroverted Facts** | **FVC's Response** |
|---|---|
| 31. Fresno Valves has not presented corroborated evidence establishing that either Douglas W. Hagen was not the inventor of the inventions claimed in United States Patent Nos. 6,161,948 and Re. 39,084 or that Gary Gillespie or Patrick Case should have been named as an inventor. (Exh. 10 (Gillespie Depo.) pp. 88:16-21, 88:22-91:4, 25:18-26:4, 92:10-20, 32:9-13, 26:7-18, 91:18-24, 93:13-19; Exh. 9 (Case Depo.) pp. 108:1-6, 108:7-16; Hahn Decl., Exh. A (Counts Depo.).) | 31. Disputed. Deposition testimony and documents provide corroboration that Mr. Gillespie and Mr. Case should have been named as inventor(s) on the '084 patent. **Evidence:** Yang Decl., Exh. 20 (showing surrender of '948); Exh. 4 (Gillespie Tr. at 26:15-24; 27:7-17; 28:10-29:4; 29:10-19; 30:19-31:4; 32:5-10; 33:14-34:7; 34:9-35:18; 35:25-36:37; 38:2-7; 41:2-23; 44:5-25; 48:2-16; 49:20-50:12; 51:23-54:1; 57:12-66:5); Exh. 5 (Hagen Tr. at 67:8-15; 68:4-14; 76:23-77:19); Exhs. 7, 8 (Exhibits 7-8 to Gillespie Transcript); Exh. 2 (Case Tr. at 20:25-21:10); Exhs. 9, 10 (Exhibits 11, 12 to Case Transcript). |
| 32. There is no evidence of an intent to deceive with respect to naming the inventors on the '084 patent and patents naming Case as an inventor and assigned to B-K Lighting evidence an absence of motive and intent. (Exh. 9 (Case Depo.) p. 96:7-21; Exhs. 2, 3, 4; Exh. 8 (Hagen Depo.) pp. 69:21-71:18; Exh. 10 (Gillespie Depo.) p. 32:9-13.) | 32. Disputed. There is evidence of an intent to deceive with respect to naming the proper inventors. It is irrelevant whether other patents name Mr. Case as an inventor. **Evidence:** Yang Decl., Exh. 2 (Case Tr. at 12:5-21; 72:7-74:6; 74:9-75:1; 103:5-24; 105:8-106:6); Exh. 5 (Hagen Tr. at 165:14-18); Exh. 4 (Gillespie Tr. at 11:17-12:9); Exh. 16 at ¶ 3, 6, 7. |
| 33. Fresno Valves failed to plead a defense or claim of inequitable conduct | 33. Disputed. FVC pled inequitable conduct as a defense. FVC also responded |

HOWREY LLP

STATEMENT OF GENUINE ISSUES IN SUPPORT OF FVC'S
OPP TO MSJ AS TO VALIDITY & ENFORCEABILITY
CASE NO. CV06-2825 MMM (PLAx)

12

DM_US:21122688_2

| **B-K's Alleged Uncontroverted Facts** | **FVC's Response** |
|---|---|
| and failed to plead it with particularity. (Exh. 7.) | to B-K contention interrogatories by stating with particularity the failure of Hagen and B-K to disclose material prior art. **Evidence:** FVC Answer, Affirmative Defenses and Counterclaim to First Amended Complaint, ¶¶51-52 of Count I of Counterclaim; Foss Decl., Exhs. 11-13; 15. |
| 34. Fresno Valves has failed to adduce evidence of intent to deceive with respect to any alleged failure to disclose. (Exh. 15-2 (fourth supplemental response to Interrogatory No. 3; *see also* Exhs. 11-13 (response and supplemental responses to Interrogatory No. 3.) | 34. Disputed. Evidence shows deceit surrounding failure to disclose material prior art to the PTO. The evidence shows deceit surrounding failure to disclose the proper inventors. **Evidence:** Yang Decl., Exhs. 12, 13, 14 (three oaths signed by Mr. Hagen); Exh. 2 (Case Tr. at 52:15-62:22); Exhs. 9, 10 (Exhibits 11 and 12 to Case deposition); Exh. 16 (Invention Disclosure Statement); Exh. 17 (Hydrel catalog pages); Exh. 18 (360SL); Dornfeld Decl. ¶ 11. |

### FVC'S STATEMENT OF ADDITIONAL UNCONTROVERTED FACTS

1. The 360SL is the prior B-K product from which the 360HD was developed. **Evidence:** Mathiowetz Decl. ISO Opp'n to B-K Motion re 17200, Exh. 23.

HOWREY LLP

STATEMENT OF GENUINE ISSUES IN SUPPORT OF FVC'S OPP TO MSJ AS TO VALIDITY & ENFORCEABILITY
CASE NO. CV06-2825 MMM (PLAx)

13

DM_US:21122688_2

2.    B-K alleges that its 360SL knuckle is covered by the '084 patent.
**Evidence:** Yang Decl., Exh. 22 [Excerpts of Expert Report of Jeffrey Kinrich at p. 5, fn. 11].

3.    The B-K 360SL was in production more than one year prior to the May 27, 1998 filing of the provisional application leading to the '084 patent ("the critical date").
**Evidence:** Yang Decl. ISO Supp. Opp., Exh. 18 [360SL datasheet]. Hagen testified that a version of the 360SL was used in a custom fixture in August 1993. Yang Decl., Exh. 5 [Hagen Tr. at 145:25; Exh. 5 [exh. 48 at #3]. A version was used in a "Nite Star" fixture in December 1994. Yang Decl., Exh. 5 [Hagen Tr. at 147:19-148:10]; Exh. 5 [exh. 48 at #6B]. The Posi-Lock version of the 360SL was developed by April 4, 1996. Yang Decl., Exh. 18.

4.    The B-K 360SL was modified from its original design to include the L.O.C.K. feature, which is a first resistance means as that term is used in the '084 patent. **Evidence:** Matts Decl., Exh. 2.

5.    The L.O.C.K. feature utilizes a tapered post and tapered opening as a first resistance means as that term is used in the '084 patent. **Evidence:** Matts Decl., Exh 2.

6.    The Hydrel 7100 Series light fixture uses a self releasing taper allowing infinite vertical adjustment through 180°. **Evidence:** Yang Decl., Exh. 25

7.    The Hydrel 7100 Series light fixture was described in a printed publication more than one year before the critical date. **Evidence:** Yang Decl., Exh. 25

8.    It would have been obvious to one of ordinary skill in the art to combine the self-releasing taper of the Hydrel 7100 Series with the B-K360SL at the time of the invention claimed in the '084 patent. **Evidence:** Dornfeld Decl., ¶ 11.

9.    Kelly discloses an adjustable mount for a light fixture. **Evidence:** Yang Decl., Exh. 1 (Kelly) at Fig. 1, 3:49-51.

HOWREY LLP

STATEMENT OF GENUINE ISSUES IN SUPPORT OF FVC'S
OPP TO MSJ AS TO VALIDITY & ENFORCEABILITY
CASE NO. CV06-2825 MMM (PLAx)

14

DM_US:21122688_2

10. Kelly discloses a support member. **Evidence:** Yang Decl., Exh. 1 (3:51-53; 3:62-68; 1:59-61; 1:66-68; 4:61-63; Figs. 2-4).

11. Kelly discloses a base member. **Evidence:** Yang Decl., Exh. 1 (3:53-55; Figs. 1-3; 4:64; 4:28-31, 35-37; 4:54-56; 4:17-20; 4:61-63; Fig. 4; 5:2-12; 2:6-25, 42-51).

12. Kelly discloses a first locking means. **Evidence:** Yang Decl., Exh. 1 (4:28-32; 4:35-36; Figs. 2-4; 2:13-20).

13. Kelly discloses a first seal. **Evidence:** Yang Decl., Exh. 1 (4:24-27; Figs. 2, 4).

14. Kelly discloses a second locking means. **Evidence:** Yang Decl., Exh. 1 (5:41-44; 3:3-8; Figs. 2-3).

15. Gary Gillespie developed the details of the taper design, including the tolerances and the angle of the taper, for the invention claimed in the '084 patent. **Evidence:** Yang Decl., Exh. 4 (Gillepsie Tr.) at 27:7-17.

16. The dimensions and tolerances of the taper were critical to design of the invention claimed in the '084 patent. **Evidence:** Yang Decl., Exh. 4 (Gillepsie Tr.) at 28:10-29:4.

17. Trial and error was used to come up with the dimensions and tolerances for the design of the taper used in the invention claimed in the '084 patent. **Evidence:** Yang Decl., Exh. 4 (Gillepsie Tr.) at 29:10-19.

18. Patrick Case developed the details of the wireway used in the invention claimed in the '084 patent. **Evidence:** Yang Decl., Exh. 4 (Gillepsie Tr.) at 27:7-17.

19. Gary Gillespie and Patrick Case contributed to the design of some or all of the following elements of the invention claimed in the '084 patent: first sealing means, support member, wire passageways, base member, stud member, second locking means, first resistance means, second resistance means, second sealing means, and

HOWREY LLP

STATEMENT OF GENUINE ISSUES IN SUPPORT OF FVC'S
OPP TO MSJ AS TO VALIDITY & ENFORCEABILITY
CASE NO. CV06-2825 MMM (PLAx)

15

DM_US:21122688_2

rotational limiting means. **Evidence:** Yang Decl., Exh. 4 (Gillepsie Tr.) at 32:5-54:1; Exh. 2 (Case Tr.) at 30:20-51:13.

20. Patrick Case turned his engineering notebooks that identify and chronicle his involvement in the design of the 360HD over to B-K's counsel prior to the filing of the reissue application. **Evidence**: Yang Decl., Exh. 2 (Case Tr.) at 53:2-55:8.

21. Douglas Hagen had nothing to do with deciding the angle or the critical dimensions of the taper used in the invention claimed in the '084 patent. **Evidence:** Yang Decl., Exh. 5 (Hagen Tr.) at 68:4-14, 76:23-77:19

22. Douglas Hagen did not conceive of every element of the '084 patent, and may not have conceived of any. **Evidence:** Yang Decl., Exh. 2 (Case Tr. at 20:25-21:11; 30:20-51:13).

23. Douglas Hagen submitted three oaths to the Patent Office indicating that he was the sole inventor of the invention claimed in the '084 patent. **Evidence:** Yang Decl., Exh. 12, 13, 14; '948 patent; '084 patent.

24. Neither Gary Gillespie nor Patrick Case was named as an inventor on the '084 patent. **Evidence:** Yang Decl., Exh. 12, 13, 14; '948 patent; '084 patent.

25. Patrick Case did not have an employment agreement with B-K at the time of the invention of the '084 patent. **Evidence:** Yang. Decl., Exh. 2 (Case Tr.) at 12:5-21.

26. Gary Gillespie did not have an employment agreement with B-K at the time of the invention of the '084 patent. **Evidence:** Yang Decl., Exh. 4 (Gillespie Tr.) at 11:17-12:9.

27. B-K had knowledge of the Hydrel 7100 Series light fixture at the time Douglas Hagen filed his application leading to the '084 patent. **Evidence:** Yang Decl., Exh. 16, 17.

HOWREY LLP

STATEMENT OF GENUINE ISSUES IN SUPPORT OF FVC'S
OPP TO MSJ AS TO VALIDITY & ENFORCEABILITY
CASE NO. CV06-2825 MMM (PLAx)

16

DM_US:21122688_2

28. B-K had knowledge of its own 360SL at the time Douglas Hagen filed his application leading to the '084 patent. **Evidence:** Yang Decl., Exh. 18; Mathiowetz Decl. ISO Opp'n to B-K Motion re 17200, Exh. 23.

29. Douglas Hagen did not disclose either the Hydrel 7100 Series light fixture of the 360SL to the Patent Office at any time during the prosecution of either the '948 or the '084 patents. **Evidence:** '948 patent; '084 patent; Mathiowetz Decl. ISO Opp'n to B-K Motion re 17200, Exh. 21.

30. The Hydrel 7100 and the B-K 360SL were material to the patentability of the invention claimed in the '084 patent. **Evidence:** Dornfeld Decl., ¶ 10.

31. Douglas Hagen's intent to deceive can be inferred from the facts and circumstances surrounding his failure to disclose the Hydrel 7100 and the B-K 360SL to the Patent Office during the prosecution of the ''948 and '084 patents. **Evidence:** '948 patent; '084 patent; Mathiowetz Decl. ISO Opp'n to B-K Motion re 17200, Exh. 21.

Based on the foregoing, FVC requests the Court to reject all of B-K's Conclusions of Law, and to enter the following Conclusions of Law.

### FVC's PROPOSED CONCLUSIONS OF LAW

1. The '084 patent is anticipated by the B-K360SL and therefore invalid and unenforceable.

2. The '084 patent is obvious over the B-K 360SL in view of the Hydrel 7100 Series light fixture and therefore invalid and unenforceable.

3. Gary Gillespie and Patrick Case are inventors of the invention claimed in the '084 patent.

4. Douglas Hagen did not have in mind a firm and definite idea of the claimed invention and therefore is not properly a named inventor on the '084 patent.

5. Douglas Hagen intended to deceive the Patent Office by claiming to be the sole inventor on the '084 patent.

HOWREY LLP

STATEMENT OF GENUINE ISSUES IN SUPPORT OF FVC'S
OPP TO MSJ AS TO VALIDITY & ENFORCEABILITY
CASE NO. CV06-2825 MMM (PLAx)

17

DM_US:21122688_2

6. The '084 patent is invalid and unenforceable for improperly naming Douglas Hagen as the sole inventor.

7. Douglas Hagen and his patent counsel failed to disclose the Hydrel 7100 and B-K 360SL prior art to the Patent Office.

8. Douglas Hagen and his patent counsel acted with deceptive intent in failing to disclose the Hydrel 7100 and the B-K 360SL prior art to the Patent Office.

9. The Hydrel 7100 and the B-K 360SL are material prior art that should have been disclosed to the Patent Office.

10. The failure to disclose the Hydrel 7100 and the B-K 360SL to the Patent Office constitutes inequitable conduct that renders the '084 patent invalid and unenforceable.

Dated: April 7, 2008

/s/ Duane H. Mathiowetz
Duane H. Mathiowetz
Irene Yang
HOWREY LLP

Attorneys For Defendant
FRESNO VALVES & CASTINGS, INC.

HOWREY LLP

STATEMENT OF GENUINE ISSUES IN SUPPORT OF FVC'S
OPP TO MSJ AS TO VALIDITY & ENFORCEABILITY
CASE NO. CV06-2825 MMM (PLAx)

18

DM_US:21122688_2